No. 449

### DESPOTES v. SVOLOS

Ohio Appeals, 9th Dist., Summit Co.

No. 1102. Decided March 8, 1926

677. JUDGMENTS AND DECREES— Judgments which, by virtue of statute, may be reversed, vacated or modified by Common Pleas, may also be affirmed by it.

WASHBURN, J.

Statute providing that judgments rendered by inferior courts "may be reversed, vacated, or modified by the common pleas court," the question arose in this case whether or not the common pleas court has the power to affirm the judgments of such inferior courts. Summit Common Pleas held that it had such power. Error was prosecuted to the Court of Appeals which held:

1. Where a court having power to reverse, vacate or modify, decides not to reverse, vacate or modify certain judgments, its decision must take the form of a judgment, and a judgment of affirmance is the accepted form of expressing such a decision of the court.

2. The statute in question was originally in a chapter applying not only to the Common Pleas Court, but to the old District Court and to the Supreme Court, and the language used was the same in reference to all said courts.

3. In no statute was it specifically provided that any of the said courts could affirm a judgment, but from the beginning and for more than a century, all of said courts expressed their refusal to reverse, by a judgment of affirmance, and the question now presented, apparently has never before been raised—probably for the simple reason that it was recognized by everyone that the affirmance of a judgment was simply nothing more than the refusal to reverse, vacate or modify the same. But whatever the reason, the construction of the statute is too well and firmly established to be questioned at this late day.

Judgment of Common Pleas affirmed.

Attorneys—Jonathan Taylor for Despotes; James Olds for Svolos; both of Akron.

---

No. 450

### JANET WILSON, In Re.

Ohio Appeals, 5th Dist., Perry Co.

No. 141. Decided March 25, 1926

593. GUARDIAN AND WARD—1. Appointment of guardian rests in sound discretion of Probate Court.

2. May be appointed when court finds that alleged incompetent cannot protect himself or his property interests.

HOUCK, J.

This action was brought in Perry County Probate court by Robt. C. Wilson for the purpose of having himself appointed guardian of the person and property of his widowed mother, Janet Wilson. Probate court granted a decree appointing him guardian and Common Pleas court affirmed the appointment. In prosecuting error to the Court of Appeals, it held:

1. Appointment of a guardian rests with the sound judgment and discretion of the Probate Court.

2. If the Probate Court is fully and completely satisfied that the alleged incompetent cannot protect himself and his property interests, a guardian can be appointed.

Judgment of common pleas affirmed.

Attorneys—Geo. S. Marshall, Columbus, T. B. Williams, New Lexington, for plaintiff; J. T. Pyle, New Lexington, contra.